UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SERGIO RODRIGUEZ,

                                    Plaintiff,

v.

EQUIFAX INFORMATION SERVICES,
LLC et al.,

                                    Defendants.

Case No.:  22cv425-L-KSC

ORDER DENYING MOTION TO
DISMISS

[ECF No. 21]

In this action alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), Defendant Equifax Information Services, LLC ("Equifax") filed a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[1]  (ECF No. 21.)  Plaintiff filed an opposition.  (ECF No. 25.)  The Court decides the matter on the papers submitted and without oral argument.  *See* Civ. L. R. 7.1(d.1). For the reasons stated below, Defendant's motion is denied.

I.    **Background**

According to the Complaint (ECF no. 1, "Compl."), Plaintiff noticed an error on his credit report prepared by Equifax.  The report displayed a dispute notation on his

---

[1]    All references to Rule or Rules are to the Federal Rules of Civil Procedure.

account with America's Servicing Company ("ASC") although the account was no longer in dispute.  Plaintiff first requested ASC and then Equifax to remove the erroneous notation.  After Plaintiff did not hear back from either company, he obtained another Equifax credit report.  The new report still erroneously showed Plaintiff's ASC account in dispute.  Plaintiff claims that the erroneous notation damaged his ability to obtain credit from conventional lenders and caused him emotional distress.

Based on the foregoing, Plaintiff filed the instant action against ASC and Equifax alleging negligent and willful violations of 15 U.S.C. §§ 1681e(b) and 1681i.  The Court has federal question jurisdiction under 28 U.S.C. § 1331.

## II.   Discussion

In its Rule 12(b)(6) motion to dismiss Equifax contends that as a matter of law Plaintiff cannot state a claim for the alleged FCRA violations.  A motion under Rule 12(b)(6) tests the sufficiency of the complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).[2]  Dismissal is warranted where the complaint lacks a cognizable legal theory. *Shroyer v. New Cingular Wireless Serv., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). Alternatively, a complaint may be dismissed if it presents a cognizable legal theory yet fails to plead essential facts under that theory.  *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

Generally, to plead essential facts a plaintiff must allege only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. Proc. 8(a)(2); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Plaintiff's allegations must provide "fair notice" of the claim being asserted and the "grounds upon which it rests."  *Bell Atl. Corp.*, 550 U.S. at 555.

_____

[2]    Internal citations, quotation marks, ellipses, and brackets are omitted from citations.

In reviewing a Rule 12(b)(6) motion, the Court must assume the truth of all factual allegations and construe them most favorably to the nonmoving party.  *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997, 999 n.3 (9th Cir. 2006).  Legal conclusions need not be taken as true merely because they are couched as factual allegations.  *Bell Atl. Corp.*, 550 U.S. at 555.  Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss."  *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998).

Equifax argues the Complaint should be dismissed because Plaintiff has not alleged a valid legal theory of FCRA violation.  This argument is unavailing.

Congress enacted the FCRA "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy."  *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007) (citing 15 U.S.C. § 1681).  In large part, the FCRA arose out of "congressional concern over abuses in the credit reporting industry[,]" *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995), and was enacted "to protect consumers from the transmission of inaccurate information about them[,] *Carvalho v. Equifax Information Services, LLC,* 629 F.3d 876, 890 (9th Cir. 2010).  District courts are directed to liberally construe the FCRA in favor of consumers.  *Shaw v. Experian Information Solutions, Inc.,* 891 F.3d 749, 755 (9th Cir. 2018).

"The FCRA provides for compensation in the form of actual damages and attorneys' fees if a consumer reporting agency [("CRA")[3]] negligently fails to comply with any provision of FCRA.  [A] consumer can recover punitive damages for willful non-compliance."  *Guimond,* 45 F.3d at 1332 (citing 15 U.S.C. §§ 1681n and 1681o, respectively).  Plaintiff alleged negligent and willful violations against Equifax.

/ / / / /

---

[3]    Equifax does not dispute that it is a consumer reporting agency as defined at 15 U.S.C. § 1681a(f).  (*See* ECF No. 21-1, "Mot." at 8.)

1    Plaintiff alleged that Equifax negligently violated 15 U.S.C. §§ 1681e(b) and

2    1681i.  To state a claim for violation of either § 1681e(b) or § 1681i, a consumer must

3    show that the CRA prepared a report containing inaccurate information.  *Shaw,* 891 F.3d

4    at 755, 756; *Carvalho,* 629 F.3d at 890.  Section 1681e(b) requires CRAs to "follow

5    reasonable procedures to assure maximum possible accuracy concerning the individual

6    about whom the report relates."  15 U.S.C. § 1681e(b).[4]  If the accuracy of reported

7    information is disputed by the consumer, "and the consumer notifies the agency directly

8    ... of such dispute, the agency *shall*, free of charge, conduct a reasonable reinvestigation

9    to determine whether the disputed information is inaccurate" and correct it.[5]  *Id.*

10   § 1681i(a)(1)(A) (emphasis added).  Reinvestigation must take place within 30 days of

11   receipt of notice of inaccuracy.[6]  *Id.*; *see also id.* § 1681i(a)(4); *Shaw,* 891 F.3d at 756.

12   If, after reinvestigation, the CRA determines that the information "is found to be

13   inaccurate or incomplete or cannot be verified," the CRA "*shall*" either delete or modify

14   it based on the results of reinvestigation.  15 U.S.C. § 1681i(a)(5) (emphasis added).

15   Plaintiff alleged that on December 17, 2021, he notified Equifax that the notation

16   showing his account with ASC as disputed was inaccurate because the account was no

17   longer in dispute.  Plaintiff did not receive any reinvestigation results from Equifax.  As

---

20   [4]    The reasonableness of Equifax procedures is not at issue on this motion.  "The
21   reasonableness of the procedures and whether the agency followed them will be jury
     questions in the overwhelming majority of cases."  *Guimond*, 45 F.3d at 1333.

22   [5]    To reinvestigate is "industry parlance" for investigate.  *Carvalho*, 629 F.3d at 882.
23   A CRA's responsibility is to '*re* investigate' a matter once already investigated in the first
     place."  *Id.* at 892 (emphasis in original).
24      The reasonableness of Equifax reinvestigation of Plaintiff's claimed inaccuracy is
25   not at issue in this motion.  Equifax does not argue at this time that it conducted a
     reasonable reinvestigation.  "[W]hat constitutes a 'reasonable reinvestigation' will vary
26   depending on the circumstances of the case."  *Shaw,* 891 F.3d at 756.

27   [6]    This time can be extended by 30 days.  15 U.S.C. § 1681i(a)(1)(B).  Equifax does
28   not contend at this time that it was entitled to an extension.

of January 28, 2022, when Plaintiff obtained another Equifax credit report, the report still reflected the allegedly inaccurate information.

Equifax claims that these allegations are insufficient to state a claim.  It points to 15 U.S.C. § 1681s-2(a)(3), which requires furnishers such as ASC to inform CRAs if an account is in dispute, and § 1681c(f), which requires CRAs to include this in the consumer's credit report.  (Mot. at 8.)  Equifax argues that the only way to reconcile these provisions with CRA duty of accurate reporting under §§ 1681e(b) and 1681i is to require the consumer to ask the furnisher rather than a CRA to remove an inaccurate notation that an account is in dispute.  (*Id*. at 10-12.)  Equifax further claims that a consumer cannot "create liability" for Equifax simply by asking it to remove a disputed account notation the consumer claims is inaccurate, and that the furnisher is the only entity that could add or remove such a notation to a consumer's file."  (*Id.*)

Equifax cites no binding authority in support if its arguments.[7]  Its arguments are contradicted by the plain reading of the FCRA.  Section 1681i(a)(1)(A) unambiguously directs CRAs to reinvestigate upon a consumer's inaccuracy notification and expressly permits consumers to notify CRAs directly.  It contains no exception for reinvestigation of information that was initially provided by a furnisher under § 1681s-2(a)(3).  *See* 15 U.S.C. § 1681i.  Nor does it create a conflict with CRAs' duty to report under § 1681c(f).

Section 1681s-2(a) obligates furnishers such as ASC to provide accurate consumer information to CRAs, including duty to update any incomplete or inaccurate information, and provides for reporting of account disputes, closures, and delinquencies to CRAs.  15 U.S.C. § 1681s-2(a)(1)-(5).  It also provides the option for a consumer to notify furnishers directly of any inaccurate information on the consumer's account.  *Id.* § 1681s-2(a)(1)(B) & (8).  Section 1681s-2 imposes no duties on CRAs.

---

[7]     "A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." *Camreta v. Green,* 563 U.S. 692, 709 n.7 (2011).

Section 1681c imposes requirements on CRAs relative to what must and must not be included in a consumer report, including a requirement to include a furnisher's report of account disputes and closures.  15 U.S.C. § 1681c(e), (f).  While this section imposes requirements for CRA reporting, it does not excuse CRAs from their duty of accurate reporting under §§ 1681e(b) and 1681i.

Section 1681i does not require CRAs to wait to hear from a furnisher regarding a consumer's complaint of inaccuracy as argued by Equifax.  To the contrary, it provides a procedure for consumers to notify CRAs *directly* of an inaccuracy in the credit report. 15 U.S.C. § 1681i(a)(1)(A).  Upon such notification a CRA "*shall*" reinvestigate.  *Id.* (emphasis added).

Moreover, section 1681i addresses a potential conflict between a consumer's and furnisher's view of the accuracy of a CRA's report without compromising the CRA's duty of accurate reporting.  In addition to reinvestigating, CRAs must notify the furnisher when they receive a consumer's notification of inaccuracy regarding the furnisher's account.  15 U.S.C. § 1681i(a)(2).  If the CRA modifies or deletes information from the furnisher's account after reinvestigation, the CRA must again notify the furnisher.  *Id.* § 1681i(a)(5)(A)(ii).  The furnisher can reinsert deleted information only after "certif[ying] that the information is complete and accurate" and the CRA must notify the consumer of same.  *Id.* § 1681i(a)(5)(B).  More importantly, "[i]f the reinvestigation does not resolve the dispute, the consumer may file a brief statement setting forth the nature of the dispute [and the CRA] *shall*, in any subsequent consumer report containing the information in question, clearly note that it is disputed by the consumer and provide either the consumer's statement or a clear and accurate codification or summary thereof." *Id.* § 1681i(a)(8)(b) &(c) (emphasis added).  "In this way, potential creditors have both sides of the story and can reach an independent determination of how to treat a specific, disputed account." *Carvalho*, 629 F.3d at 892.

1   Plaintiff informed Equifax directly of an inaccuracy in his report relating to the

2   ASC account.  Equifax did not notify Plaintiff about the result of any reinvestigation and

3   made no change to the report.  (*Cf.* Compl. ¶¶11, 13, 31-34 *with* 15 U.S.C.

4   § 1681i(a)(1)(A), (5)(A) & (6).)  This is sufficient to allege a negligent violation of the

5   FCRA.  *See Shaw*, 891 F.3d at 756.

6   Plaintiff also alleged that Equifax willfully violated §§ 1681e(b) and 1681i.

7   Equifax argues that Plaintiff cannot establish a willful violation because "the statutory

8   text and authoritative guidance allow for more than one reasonable interpretation" and

9   Equifax merely followed one of them.[8]  (Mot. at 15.)

10   "A willful violation of the FCRA occurs where a defendant knowingly or

11   recklessly violated the FCRA."  *Shaw,* 891 F.3d at 760 (citing *Safeco,* 551 U.S. at 69).

12   As this case is at the pleading stage, the Court is guided by the pleading requirements of

13   Rules 8 and 9.  Rule 9(b) provides that "[m]alice, intent, knowledge, and other conditions

14   of a person's mind may be alleged generally."

15   Plaintiff alleged that "Equifax willfully failed to maintain and/or follow reasonable

16   procedures to assure maximum possible accuracy" of the reported information in

17   violation of 15 U.S.C. § 1681e(b) and that "[a]fter receiving Plaintiff's dispute[, it]

18   willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C.

19

20

---

21   [8]   Based on the analysis of Plaintiff's negligence claim, it does not appear that

22   Equifax followed any reasonable interpretation of the statute.  In addition, Equifax
omitted any reference to relevant Ninth Circuit authority (*Guimond, Carvalho,* and *Shaw,*

23   cited *supra*).  The contention that Equifax merely followed authoritative guidance
allowing for an alternative reasonable interpretation of the FCRA therefore rings hollow.

24   Moreover, *Carvalho,* one of the Ninth Circuit precedents cited in this order, was a

25   lawsuit against Equifax.  Equifax also neglected to mention *Troy v. Equifax Information
Servs., LLC,* 2021 WL 3191232 (D. Ariz., Jul. 28, 2021).  Although *Troy* is not binding

26   authority, *see Camreta*, 563 U.S. 709 n.7, it is relevant to the inquiry whether Equifax

27   knowingly violated the FCRA.  *Troy* was decided before the events alleged in the
Complaint took place.  The Court there persuasively rejected the same arguments Equifax

28   advances here.

[§] 1681i." (Compl. ¶¶ 41-42.) Having sufficiently alleged a negligent violation of the FCRA, these allegations are sufficient under Rule 9(b) to allege a willful violation.

For the foregoing reasons, Equifax's motion to dismiss is denied.

**IT IS SO ORDERED.**

Dated: March 15, 2023

Hon. M. James Lorenz
United States District Judge

8